```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
MJCM, INC., etc.,


          Plaintiff,

v.                                CASE NO. 8:09-CV-2275-T-17TBM

HARTFORD CASUALTY
INSURANCE COMPANY,

          Defendant.
_____/
```

ORDER

This cause is before the Court on:

```
Dkt. 3    Motion to Dismiss
Dkt. 6    Amended Response and Objection
```

This case is an action for damages for breach of contract in Count I, and for declaratory judgment in Count II. In Count II, Plaintiff MJCM, Inc. d/b/a Sheldegren Kennels seeks a determination that Defendant Hartford Casualty Insurance Company owes a duty to defend Plaintiff under the terms of the policy, a determination that Defendant is obligated to indemnify Plaintiff MJCM, Inc. for any defense costs or expenses in defending the underlying lawsuit, and a determination that Defendant is obligated to pay Plaintiff MJCM, Inc. for attorney's fees and costs in bringing this action. In Count I, Plaintiff MJCM, Inc. seeks the award of compensatory damages for breach of contract, its defense costs and attorney's fees in defending the underlying lawsuit, the costs of this action, and the award of attorney's fees.

Case No. 8:09-CV-2275-T-17TBM

I. Standard of Review

As the Supreme Court held in Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The allegations in plaintiff's complaint are presumed true at this stage and all reasonable factual inferences must be construed in plaintiff's favor. However, the Court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the Court accept legal conclusions cast in the form of factual allegations. To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct. at 1965.

II. Background

Plaintiff MJCM, Inc., d/b/a Sheldegren Kennels, operates a kennel and grooming salon. Plaintiff MJCM, Inc. paid a premium to Defendant Hartford for Spectrum Policy 45 SBM TT6505 DV, which was in effect from 10/31/2006 to 10/31/2007 (Dkt. 2-1). The policy is a business liability policy which lists the following coverages on the declarations page: liability and medical expenses, medical expenses, personal and advertising injury, damages to premises rented to the insured, employment practices liability, optional additional insured coverages and pet groomers

2

Case No. 8:09-CV-2275-T-17TBM

professional liability.

On June 5, 2007, David Giorgione and Victoria Giorgione filed a complaint against Plaintiff MJCM, Inc. in Pinellas County Circuit Court, Case No. 07-5244-CI-15 ("Giorgione lawsuit") (Dkt. 3-1). In the complaint, the plaintiffs seek judgment against MJCM, Inc. for injunctive relief, costs of the action, and for other relief as the Court deems appropriate. The plaintiffs allege that MJCM, Inc. owns real property which abuts the plaintiffs' real property, that MJCM, Inc. operates a dog kennel on its real property, and that the operation of the kennel constitutes a private nuisance. The plaintiffs allege that the kennel interferes with plaintiffs' quiet enjoyment of their property through the creation of continuous and distracting barking of several dogs, thereby causing a "noise nuisance" inappropriate for a quiet residential neighborhood; and MJCM, Inc. has failed to correct or to take sufficient action to inhibit the protected barking. The plaintiffs further allege that the plaintiffs have no adequate remedy at law, and the plaintiffs will suffer irreparable harm through the repeated noise created by the excessive barking of the dogs from MJCM, Inc.'s kennel. The plaintiffs allege they are entitled to injunctive relief to abate the private nuisance created by MJCM, Inc.'s dog kennel.

Plaintiff MJCM, Inc. notified Defendant Hartford of the Giorgione lawsuit, and requested that Defendant Hartford provide a defense to the suit. In a letter dated July 17, 2007 (Dkt. 3-1, pp. 73-74), Defendant Hartford notified Plaintiff MJCM, Inc. that Defendant Hartford determined there was no coverage for either defense or indemnity. Defendant Hartford stated that:

3

Case No. 8:09-CV-2275-T-17TBM

> In order to determine the extent of coverage
> available to the Insured in the lawsuit,
> Hartford Casualty Insurance Company completed
> a review of the insuring agreement contained
> in the primary coverage form **BUSINESS
> LIABILITY COVERAGE FORMS SS 00 08 04 05.** We
> refer you to **A. COVERAGES 1. BUSINESS
> LIABILITY COVERAGE "BODILY INJURY", "PROPERTY
> DAMAGE", PERSONAL AND ADVERTISING INJURY"
> Insuring Agreement**. You will note that
> pertinent terms contained in the insuring
> agreement as well as other terms contained in
> the coverage form, are delineated under **G.
> LIABILITY AND MEDICAL EXPENSES DEFINITIONS.**
> Based on the information provided in the
> pleadings, the damages do not qualify as
> "bodily injury", "property damage", or
> "personal and advertising injury" as defined
> in the policy for which you would be legally
> obligated to pay as damages. The claim is
> for injunctive relief which is not tort
> negligence caused by an "occurrence" as
> defined by the policy. The only damages
> alleged are speculative in nature if the
> injunction demanded is not granted which is
> not covered by the policy.....

Defendant Hartford further reserved the right to assert additional reasons for disclaiming any duty to defend and/or indemnify the insured defendants based upon the terms, conditions, exclusions, and limitations contained in the insurance contract, and/or based upon law or fact. Defendant Hartford did not waive its right to assert additional grounds for disclaiming coverage for the claim, then known or discovered later. Defendant Hartford incorporated the entire insurance contract by reference, and stated that Defendant Hartford did not waive any reason or basis for disclaiming coverage by not mentioning that reason in Defendant's letter.

4

Case No. 8:09-CV-2275-T-17TBM

Plaintiff MJCM, Inc. filed this case in Pinellas County Court on October 9, 2009. The case was removed to this Court on November 6, 2009. The basis of jurisdiction is diversity jurisdiction.

II. Discussion

A. Choice of Law

In the Complaint, Plaintiff MJCM, Inc. alleges it is a Florida corporation licensed to and doing business as Sheldegren Kennels, a kennel and grooming salon, located in Safety Harbor, Pinellas County, Florida. Plaintiff further alleges that Defendant Hartford Casualty Insurance Company is a foreign for-profit corporation licensed to conduct business in the State of Florida, and which provided a policy of insurance to Plaintiff, issued for and delivered in Pinellas County, Florida, and insuring a Pinellas County risk.

The validity of, and rights under, the subject insurance policy are determined by the law of the state which the parties understood to be the principal location of the insured risk, unless some other state has a more significant relationship with this transaction and the parties. Section 193, Restatement (Second) of Conflicts of Law. Based on the relevant criteria of Section 6 of the Restatement, Florida has the most significant relationship with the transaction and the parties. The principal risk was located in Florida, and was contemplated to remain unchanged.

Case No. 8:09-CV-2275-T-17TBM

The parties have relied on federal law and Florida law. The Court applies Florida law to the substantive issues in this case.

B. Applicable Standard of Review

Defendant Hartford Casualty Insurance has moved to dismiss under Fed.R. Civ.P. 12(b)(6). Plaintiff MJCM, Inc. argues that Defendant's Motion to Dismiss should be treated as a motion for summary judgment, and Defendant Hartford seeks to rely on the label assigned to the underlying complaint and ignore the actual allegations in the underlying lawsuit.

The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief. When the Court considers documents which are attached to a motion to dismiss, and those documents are referred to in the complaint, are central to the claim, and the contents are undisputed, it is not necessary to convert a motion to dismiss to a motion for summary judgment. Brooks v. Blue Cross and Blue Shield, 116 F.3d 1364 (11th Cir. 1997). The Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.

When ruling on a motion for summary judgment, the Court considers the pleadings, as well as depositions, affidavits, and other supporting materials, to determine the presence of genuine issues as to any material fact; if there is no genuine issue as to any material fact, judgment as a matter of law may be granted. If reasonable minds could differ on the inferences to be drawn from undisputed facts, summary judgment should be denied.

Case No. 8:09-CV-2275-T-17TBM

Defendant's motion will be resolved by applying principles of Florida law to the applicable insurance policy, and by considering the allegations of the underlying complaint.

C. Defendant's Motion

Defendant Hartford argues that, under Florida law, injunctive relief does not constitute "damages" under a liability policy. <u>Aetna Cas. and Surety Co. v. Hanna</u>, 224 F.2d 499, 503 (5th Cir. 1955); <u>Garden Sanctuary, Inc. v. Ins. Co. Of N. America</u>, 292 So.2d 75 (Fla. App. 1974). Defendant Hartford argues that because the underlying complaint seeks only injunctive relief, Defendant Hartford owes neither a duty to defend nor a duty to indemnify.

D. Plaintiff's response

Plaintiff MJCM, Inc. argues that the underlying complaint, when fairly read, alleges facts which do or potentially bring the suit within the policy coverage, and therefore Defendant Hartford is required to provide a defense for the Giorgione lawsuit.

Plaintiff MJCM, Inc. further argues that the Court must review the policy and determine whether "bodily injury" or "property damage" as defined in the policy are alleged in the underlying complaint. Plaintiff MJCM, Inc. argues that both "bodily injury" and "property damage" are alleged. Plaintiff MCJM, Inc. further argues that the first basis for denial of a defense for the underlying suit is in error, as it does not matter that the "occurrence" has occurred continuously or as a result of repeated exposure to the same conditions. Plaintiff

7

Case No. 8:09-CV-2275-T-17TBM

MJCM, Inc. relies on <u>McReary v., Florida Residential Property & Casualty Joint Underwriting Assn.</u>, 758 So.2d 692 (Fla. 4th DCA 2000).

Plaintiff MJCM, Inc. further argues that the denial of a defense if the damages are "speculative in nature" does not provide a valid basis to deny a defense or exclude coverage.

Plaintiff MJCM, Inc. further argues that it is undetermined whether the damages claimed in the suit fall within the definitions of "bodily injury" or "property damage" and whether any policy exclusions would otherwise apply.  Plaintiff MCJM, Inc. argues that it is unclear what "irreparable harm" is referred to, but it may be injury or sickness.  Plaintiff argues that the policy does not define the term "irreparable harm" and therefore an ambiguity exists which must be construed in favor of Plaintiff MCJM, Inc.

Plaintiff further argues that the underlying complaint appears to allege "property damage" where it alleges that the Giorgiones' "quiet enjoyment of their property"  has been interfered with by the barking.  Plaintiff argues that one definition of "property damage" is the loss of use of tangible property that is not physically injured.

Plaintiff further argues that the lawsuit meets the definition of "suit" triggering the duty to defend the insured against the suit seeking the defined damages.  Plaintiff argues that damages to which the insurance applies are alleged, under the liberal interpretation that must be applied to the allegations and the application of a defense under the policy.

Case No. 8:09-CV-2275-T-17TBM

In summary, Plaintiff MJCM, Inc. argues that the underlying complaint alleges both "bodily injury" and "property damage" as a result of the irreparable harm caused to the Giorgiones and the noise created by the excessive barking and the interference with the Giorgiones' "quiet enjoyment of their property."

E. Discussion

1. Declaratory Judgment - Count II

Under Florida law, a court may issue a declaratory judgment as to an insurer's duty to defend and duty to indemnify. <u>Higgins v. State Farm Fire & Casualty Co.</u>, 894 So.2d 5, 9 (Fla. 2004). Florida courts have held that an insurer's duty to defend arises when a complaint filed against an insured alleges facts within the scope of the policy's coverage. <u>Trizec Properties, Inc. v. Biltmore Construction Co.</u>, 767 F.2d 810, 811 (11th Cir. 1985). Florida has adopted a strict rule that the insurer's duty to defend is based solely on the allegations in the complaint. <u>Lime Tree Village Community Club Ass'n, Inc. v. State Farm General Ins. Co.</u>, 980 F.2d 1402, 1405 (11th Cir. 1993); <u>Auto Owners Ins. Co. v. Travelers Casualty & Surety Co.</u>, 227 F.Supp.2d 1248, 1258 (M.D. Fla. 2002). The allegations of the complaint control even if other testimony indicates that the actual facts are different from the fact alleged. <u>State Farm Fire & Casualty Ins. Co.</u>, 471 So.2d 209, 210 (Fla. 1st DCA 1985). If the complaint alleges facts partially within and partially outside the scope of coverage, the insurer is obligated to defend the entire suit. <u>Battisti v. Continental Cas. Co.</u>, 406 F.2d 1318, 1321 (5th Cir. 1969.

Case No. 8:09-CV-2275-T-17TBM

"An insurer's duty to defend is distinct from and broader than its duty to indemnify." Keen v. Fla. Sheriffs' Self-Ins. Fund, 962 So.2d 1021, 1024 (Fla. 4th DCA 2007). The insurer's duty to defend exists "even if the facts alleged are untrue or the legal theories unsound." Auto Owners Ins. Co., 227 F.Supp.2d at 1258. The duty to defend arises "even though ultimately there may be no liability on the part of the insured." Trizec Properties, 767 F.2d at 811. If the allegations of the complaint create potential coverage under the policy, this is sufficient to trigger the insurer's duty to defend. Trizec Properties, 767 F.2d at 812. Doubts as to whether a duty to defend exists are resolved in favor of the insured, and exclusionary clauses in insurance contracts are to be construed liberally in favor of the insured. Id. An insurer has no duty to defend where the underlying complaint does not allege facts that would bring the complaint within the coverage of the policy. National Union Fire Insurance Co. V. Lenox Liquors, Inc., 358 So.2d 533, 536 (Fla. 1977).

2. Controlling Principles

The construction and effect of a written contract of insurance, including the determination and resolution of an ambiguity, is a matter of law to be determined by the Court. Insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties. Ambiguities are interpreted liberally in favor of the insured and strictly against the insurer who prepared the policy. Where there is no ambiguity in the terms of an insurance contract, the language must be enforced as written.

Case No. 8:09-CV-2275-T-17TBM

The Court is required to interpret an insurance policy in a way that will effectuate the intentions of the parties at the time the parties entered into the contract. The Court must look first to the language of the contract. Terms within the policy should be given their ordinary meaning, unless there is some indication that the parties intended a special or technical meaning. Where the policy itself defines a term, the Court will give the term its agreed upon meaning. In seeking to determine the intent of the parties, the Court should construe the insurance policy as a whole. Each provision must be read in context with every other provision, and all of the provisions must be considered in their entirety. The Court must seek to give effect to every policy provision, and avoid a construction that will effect to one provision while rendering another provision superfluous.

3. Relief Requested in Giorgione Complaint Against MJCM, Inc.

In the lawsuit against MJCM, Inc., the Giorgiones seek entry of an injunction to stop the continuous barking, as well as costs of the lawsuit. The Giorgiones allege they have no adequate remedy at law.

Under Florida law, an injunction may be granted when the evidence before the Court establishes: 1) the likelihood that the movant will suffer irreparable harm; 2) that the movant has no adequate legal remedy available; 3) that the movant has a substantial likelihood of prevailing on the merits; and 4) that the considerations of the public interest support the entry of the injunction. <u>Hasley v. Harrell</u>, 971 So.2d 149 (Fla. 2d DCA 2007). For injunctive relief purposes, irreparable harm is not

11

Case No. 8:09-CV-2275-T-17TBM

established where the potential loss can be adequately compensated for by a monetary award. B.G.H. Ins. Syndicate, Inc. v. Presidential Fire & Cas. Co., 549 So.2d 149 (Fla. 3d DCA 1989).

In the complaint to abate the alleged nuisance, the Giorgiones seek only relief which by definition does not include a monetary award. In other words, the Giorgiones do not seek the award of damages to compensate for the alleged invasion of their right to quiet enjoyment of their property. The complaint does not mention the word "damages," but only "irreparable harm" and "injunctive relief."

The fact that "irreparable harm" is not defined in the insurance policy does not mean that an ambiguity exists that must be construed in favor of the insured. While "irreparable harm" is not defined in the subject insurance policy, the insuror and the insured understood that Florida law controls resolution of substantive disputes as to the subject insurance policy, and "irreparable harm" is well-defined in Florida law. An "irreparable injury" is one which cannot be adequately compensated by a monetary award or money damages, or when the injury is not susceptible of complete pecuniary compensation. First Nat. Bank in St. Petersburg v. Ferris, 156 So.2d 421 (2d DCA 1963); B.G.H. Ins. Syndicate, Inc. v. Presidential Fire & Cas. Co., 549 So.2d 149 (Fla. 3d DCA 1989). The Giorgiones' complaint must be distinguished from McReary v. Florida Residential Property & Casualty Joint Underwriting Assn., 758 So.2d 692 (Fla. 4th DCA 2000), in which damages **and** injunctive relief were sought.

12

Case No. 8:09-CV-2275-T-17TBM

3. Insurance Policy Provisions

Pursuant to the subject insurance policy, Defendant agrees:

> **Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury to which this insurance does not apply.
>
> We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:
>
> (1) The amount we will pay for damages is limited as described in Section D, Liability And Medical Expenses Limits Of Insurance; and
>
> (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments, settlements or medical expenses to which this insurance applies.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Coverage Extension - Supplementary Payments.
>
> ....

Under Section G, Liability and Medical Expenses Definitions, the subject policy provides:

Case No. 8:09-CV-2275-T-17TBM

>           21. **"Suit"** means a civil proceeding in which
>           damages because of "bodily injury", "property
>           damage" or "personal and advertising injury"
>           to which this insurance applies are alleged.
>
>           .....

The burden of proof is on the plaintiff to establish coverage, and the burden of proof is on the insuror to establish the applicability of an exclusion.

After consideration, the Court finds that Plaintiff has not shown that the Giorgione lawsuit is a suit in which the Giorgiones seek damages for bodily injury, property damage, or personal and advertising injury, and for which there is coverage under the subject policy. The Giorgione lawsuit seeks only injunctive relief, and therefore it is not a "suit" which is within the scope of coverage under the subject insurance policy. Because this issue is dispositive, it is not necessary for the Court to address Plaintiff's other arguments. The Court concludes that Plaintiff MJCM, Inc. cannot prevail in the declaratory judgment action in Count II, and grants Defendant's Motion to Dismiss as to Count II. As to Count I, for breach of contract, the Court further finds since Defendant Hartford had no duty to defend, Plaintiff MJCM, Inc. cannot prevail on a claim for breach of contract. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss is **granted**. Because permitting the amendment of the complaint would be futile, the dismissal is **with prejudice**. The Clerk of Court shall close this case.

Case No. 8:09-CV-2275-T-17TBM

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 14th day of May, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record